IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-17,276-03








EX PARTE ROBERT JAMES SHIELDS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F11498-2003-A IN THE 145
TH DISTRICT COURT


FROM NACOGDOCHES COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty and
was convicted of possession of a controlled substance and sentenced to two years'
imprisonment in a state jail. 

 Applicant contends that his counsel rendered ineffective assistance because counsel
failed to inform him of his right to appeal and failed to file a timely notice of appeal. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court shall provide counsel with the opportunity to
respond to Applicant's claim of ineffective assistance of counsel on appeal. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate
case, the trial court may rely on its personal recollection. Id.

 The trial court has entered findings of fact on this cause, however from this Court's
review of the record, they are not sufficient to dispose of this application. The trial court
states that appointed counsel was not ineffective and references an affidavit from counsel. But
in his affidavit, counsel specifically states that he represented Applicant in a different cause,
not this one. It appears that the trial court had appointed a different counsel for the instant
case.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make additional findings stating who Applicant's trial counsel was
for the instant case. The trial court shall make supplemental findings of fact as to whether
Applicant was denied his right to a meaningful appeal because Applicant's counsel failed to
timely file a notice of appeal. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's supplemental
findings of fact and conclusions of law, shall be returned to this Court within 120 days of the
date of this order. Any extensions of time shall be obtained from this Court. 

Filed: November 14, 2007

Do not publish